WO                                                                                                                          MDR

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Dino Bennetti,<br><br>             Plaintiff,<br><br>v.<br><br>Assistant Attorney General Lucy Rand, et al.,<br><br>             Defendants. | No. CV 20-02425-PHX-MTL (JFM)<br><br>**ORDER** |

On December 16, 2020, Plaintiff Dino Bennetti, who is confined in the Arizona State Prison Complex-Lewis in Buckeye, Arizona, filed a pro se civil rights Complaint pursuant to 42 U.S.C. § 1983 (Doc. 1), an Application to Proceed In Forma Pauperis (Doc. 2), a Motion for Preliminary Injunction (Doc. 4), and a Motion for Temporary Restraining Order (Doc. 5). Because it appeared that Plaintiff has at least "three strikes" under 28 U.S.C. § 1915(g), the Court issued a December 23, 2020 Order to Show Cause that delineated Plaintiff's prior dismissals, notified Plaintiff of his potential disqualification under § 1915(g), and provided him with thirty days to either pay the filing and administrative fees or show cause why his prior dismissals did not preclude his in forma pauperis status under § 1915(g).

On December 28, 2020, Plaintiff filed a Motion to Show Cause. Although Plaintiff's assertions in his Motion to Show Cause are confusing, he appears to allege that he is facing imminent danger and that although a failure to state a claim is a basis for

assessing a strike, the Court must consider "why" and "how" the plaintiff was unable to state a claim. He claims that a plaintiff seeking a temporary restraining order or preliminary injunction "must prove to the Court that you have been personally harmed or endangered by the condition or practice you are challenging" and that "limiting" him to the three-strikes issue is "fundamentally unfair and prejudicial" because "without the use or reference to the reason of 'imminent danger' to by-pass the § 1915(g) and 1997(e)(a) requirement, there's no point, or reason for the Court to base their decision to allow the Plaintiff to proceed." Plaintiff also contends that § 1915(g) violates his right of access to the courts and to petition the government for a redress of grievances.[1] Finally, he asserts that the denial of access to the courts issue he raises in Count Two of his Complaint is an "imminent danger claim."

## I. Dismissal Pursuant to 28 U.S.C. § 1915(g)

A prisoner may not bring a civil action or appeal a civil judgment in forma pauperis ("IFP") if:

> the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

"[Section] 1915(g) should be used to deny a prisoner's *IFP* status only when, after careful evaluation of the order dismissing an action, and other relevant information, the district court determines that the action was dismissed because it was frivolous, malicious or failed to state a claim." *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005). "In some instances, the district court docket records may be sufficient to show that a prior

---

[1] This claim has been previously rejected. *See Rodriguez v. Cook*, 169 F.3d 1176, 1179 (9th Cir. 1999)("§ 1915(g) does not infringe on a prisoner's constitutional right to access the courts"); *Rivera v. Allin*, 144 F.3d 719, 723-24 (11th Cir. 1998) (in forma pauperis status is a privilege, not a right, and § 1915(g) does not unconstitutionally burden a prisoner's access to the courts), *abrogated on other grounds in Jones v. Bock*, 549 U.S. 199 (2007).

dismissal satisfies at least one of the criteria under § 1915(g) and therefore counts as a strike." *Id*. at 1120.

Plaintiff does not dispute that the three prior actions identified in the December 23, 2020 Order—*Bennetti v. Coleman*, CV 19-05021-PHX-DGC (JFM) (D. Ariz.); *Bennetti v. Ryan*, CV 18-00108-PHX-DGC (JFM) (D. Ariz.); and *Bennetti v. Ryan*, CV 12-01754-PHX-FJM (SPL) (D. Ariz.)—were dismissed for failure to state a claim. "Why" and "how" these actions were dismissed for failure to state a claim is fully addressed in the Orders dismissing those actions. The Court has carefully reviewed those Orders and concludes the prior actions identified in the Court's December 23, 2020 Order qualify as "strikes" under § 1915(g).

**II.   Imminent Danger**

To meet the "imminent danger" requirement, the "threat or prison condition [must be] real and proximate," *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003) (quoting *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002)), and the allegations must be "specific or credible." *Kinnell v. Graves*, 265 F.3d 1125, 1128 (10th Cir. 2001). "[T]he exception applies if the complaint makes a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing." *Andrews v. Cervantes*, 493 F.3d 1047, 1055 (9th Cir. 2007) (quoting § 1915(g)). Moreover, although a court considering a motion to proceed in forma pauperis, "should not attempt to evaluate the seriousness of a plaintiff's claims[, . . . ] it has never been the rule that courts must blindly accept a prisoner's allegations of imminent danger." *Taylor v. Watkins*, 623 F.3d 483, 485 (7th Cir. 2010).

In his Complaint, Plaintiff alleges he has been retaliated against because he was transferred to a prison different than the one to which he was supposed to be transferred, his placement in that prison imposes an atypical and significant hardship,[2] and he is being

---

[2] Plaintiff claims that if he had been transferred to the proper prison, he would have been able to use the phone three times a week, spend $100 a week at the commissary, recreate for two hours three times a week, clean his cell three times per week, and go to the law library. In contrast, at the facility where he is currently confined, he can only use the phone once a week; spend $40 per week at the commissary, where the items are

denied access to the courts. His allegations do not show that Plaintiff is in imminent danger of serious physical injury.

### III.   Conclusion

The Court will deny Plaintiff's Application to Proceed In Forma Pauperis; dismiss Plaintiff's Complaint and this action, without prejudice, pursuant to § 1915(g); and deny as moot his Motion for Preliminary Injunction and Motion for Temporary Restraining Order. If Plaintiff wants to reassert these claims in the future, he must prepay the entire $402.00 filing and administrative fees when he files his action.

**IT IS ORDERED:**

(1)   Plaintiff's Application to Proceed In Forma Pauperis (Doc. 2) is **denied**.

(2)   Plaintiff's Complaint (Doc. 1) and this action are **dismissed without prejudice**, pursuant to 28 U.S.C. § 1915(g). If Plaintiff wishes to reassert these claims in the future, he must prepay the entire $402.00 filing and administrative fees when he files his action.

(3)   Plaintiff's Motion for Preliminary Injunction (Doc. 4) and Motion for Temporary Restraining Order (Doc. 5) are **denied as moot**.

(4)   The Clerk of Court must enter judgment accordingly and close this case.

. . . .

. . . .

. . . .

. . . .

. . . .

. . . .

. . . .

. . . .

---

"regulated"; recreate for one hour three times a week; shower only three times per week; and have "regulated" access to the law library. He also claims his cell is near psychiatric patients who "bang" and "scream at all hours" and is "so unsanitary"; he can only clean his cell once a week, although "part of [the] area is being used [to quarantine] for COVID-19"; and he is "[f]orced to refuse showers due to showers not being cleaned and or sanitized since the (quar[a]ntine[e]s) use them as well."

- 4 -

(5)     The docket shall reflect that the Court, pursuant to 28 U.S.C. § 1915(a)(3), has considered whether an appeal of this decision would be taken in good faith and certifies that an appeal would not be taken in good faith for the reasons stated in the Order and because there is no arguable factual or legal basis for an appeal.

Dated this 2nd day of February, 2021.

*Michael T. Liburdi*
Michael T. Liburdi
United States District Judge